[Cite as *In the matter of J. B.*, 2012-Ohio-575.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:            :       JUDGES:
                                      :       Hon. Patricia A. Delaney, P.J.
J. B.                            :       Hon. Sheila G. Farmer, J.
                                      :       Hon. Julie A. Edwards, J.
                                      :
                                      :       Case No. CT2011-0041
                                      :
                                      :       O P I N I O N


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                                    Pleas, Juvenile Division, Case No.
                                                    20930059


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT:                     February 13, 2012


APPEARANCES:

For Appellant                                 For Appellee

BRIAN W. BENBOW                        MOLLY MARTIN
605 Market Street                         22 North Fifth Street
Zanesville, OH 43701                  Zanesville, OH 43701

                                                 Guardian ad Litem

                                                 RUTHELLEN QUILLEN WEAVER
                                                 542 South Drexel Avenue
                                                 Columbus, OH 43209

*Farmer, J.*

{¶1}   On October 20, 2009, J. B. born May 19, 2009, was adjudicated a dependent child.   Mother of the child is Anja Brofford; father is appellant, James Maston.   The child's maternal grandmother is Deborah Brofford.   On June 14, 2010, appellee, the Muskingum County Children's Services Board filed a complaint for the permanent custody of the child.   An amended complaint was filed on November 17, 2010.

{¶2}   A hearing before a magistrate was held on May 4, 2011.   By decision filed May 17, 2011, the magistrate recommended terminating parental rights and granting permanent custody to appellee.

{¶3}   All parties filed objections.   By judgment entry filed August 9, 2011, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶4}   Counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v.  California* (1967),  386  U.S.  738,  rehearing  denied (1967),  388  U.S. 924, indicating that the within appeal is wholly frivolous and setting forth one proposed assignment of error.   Appellant did not file a pro se brief alleging any additional assignments of error.

{¶5}   Counsel raises the following proposed assignment of error:

I

{¶6}   "THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILDREN'S BEST INTEREST WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY TO MUSKINGUM COUNTY CHILDREN'S SERVICES WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶7} The *Anders* court established five criteria which must be met before a motion to withdraw by appellate counsel may be granted. The five criteria are: (1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw by appellant's counsel was filed; (3) the existence of a brief by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the court should address. *Anders* at 744. The *Anders* court further explained the following at 744:

{¶8} "[T]he court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

{¶9} According to an amended proof of service filed January 11, 2012, Attorney Benbow complied with the procedures set forth in *Anders*. To date, his client has not filed a pro se brief.

{¶10} We note in *In the Matter of Diamond S.,* Guernsey App. No. 03-CA-24, 2004-Ohio-611, this court extended the principles of *Anders* to cases involving the termination of parental rights.

{¶11} We will now address the merits of appellant's proposed assignment of error.

I

{¶12} Appellant argues the trial court's decision on best interests is against the manifest weight and sufficiency of the evidence. Specifically, appellant claims legal custody of the child should have been granted to the maternal grandmother, Deborah Brofford, in lieu of permanent custody to appellee. We disagree.

{¶13} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶14} Furthermore, it is well-established " '[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.' " *In re Mauzy Children* (November 13, 2000), Stark App. No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316.

{¶15}  R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child.  "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus.  Said statute states the following:

{¶16} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶17} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period,***and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶18} "(b) The child is abandoned.

{¶19} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶20} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***."

{¶21} R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

{¶22} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶23} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶24} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶25} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶26} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶27} In his decision filed May 17, 2011, as approved and adopted by the trial court, the magistrate found the following in pertinent part:

{¶28} "7) The mother now has stable housing, but that is the only part of her case plan that she has completed. The mother attended some mental health and substance abuse counseling, including residential treatment; but failed to attend and successfully complete follow up counseling as recommended, and was jailed on a probation violation and discharged unsuccessfully from counseling during the pendency of the case plan. The mother then failed to follow up on an additional intake coordinator referral. The mother had failed to visit the child consistently, and has not visited this one year old child at all in 2011.

{¶29} "8) The father attended three separate mental health and substance abuse counseling assessments, but failed to attend and successfully complete follow up counseling as recommended, or to maintain stable housing or income, or to keep Muskingum County Children Services properly informed of his current address during the pendency of the case plan. While the father initially had some visits with the child, he later began missing visits and has had no visits with this one year old child since September 2010.

{¶30} "10) The child cannot be placed with either parent within a reasonable time or should not be placed with either parent. It is in the child's best interest to permanently terminate the parental rights of both parents.

{¶31} "11) The child has been in the temporary custody of Muskingum County Children Services for twelve (12) or more months of a twenty-two month period ending on the hearing on May 4, 2011. In the twenty-one months that the child has been in the foster home, the child has become very attached or bonded with the foster parents, who

wish to adopt the child. The child is not significantly bonded or attached to either the mother or the father.***.

{¶32} "12) The Court also received considerable evidence, through a Muskingum County Children Services Home Assessment filed March 10, 2010, physician deposition transcripts from Dr. Delphia and Dr. Kelso filed April 28, 2011, and direct testimony at the May 4, 2011 hearing, as to the suitability or unsuitability of the maternal grandmother as a possible custodian for the child.

{¶33} "The evidence presented raises serious concerns about the maternal grandmother's ability to adequately provide proper parental care for this child. The maternal grandmother's prior children services involvement while the mother was yet a juvenile herself in 2003 was a result of a direct referral by this Court and this Magistrate to Muskingum County Children Services due to the maternal grandmother's apparent inability to care for the mother when a juvenile herself because of the maternal grandmother's serious health issues at the time.

{¶34} "The maternal grandmother admits to having Hepatitis C and cirrhosis of the liver since at least 2001, which does appear to be under control at this time; but she has failed to either fully cooperate with Muskingum County Children Services in providing her full medical history, or is unable to remember her history.***

{¶35} "Despite having over a year to prepare to respond to the concerns raised in the Home Assessment filed March 10, 2010, the maternal grandmother failed to eliminate or significantly offset those concerns in the May 4, 2011 hearing.

{¶36} "13) The child's need for a legally secure permanent placement cannot be achieved without a grant of permanent custody to Muskingum County Children

Services.  It is in the child's best interest for Muskingum County Children Services to be granted permanent custody."

{¶37}  James Henceroth, a chemical dependency counselor, testified appellant "had been assessed.  Did not attend and had been unsatisfactorily discharged and then he scheduled an update assessment, had been reassessed.  Came to one session and had been administratively or unsatisfactorily discharged again."  T. at 57.  Appellant had been "diagnosed with cannabis dependency."  T. at 67.  Appellant essentially "gave up on the plan."  T. at 71.

{¶38}  Prior to Mr. Henceroth, Kelly Edgell, another chemical dependency counselor, was involved with appellant.  T. at 88.  Mr. Edgell testified appellant did not complete the program and was discharged.  T. at 89-90, 98.

{¶39}  Kelsey Coe, the ongoing caseworker, testified she has "not received a successful completion from either the substance abuse counselor or a mental health assessment" for appellant as required in the case plan.  T. at 145.  He has "never, never reported to me that he was able to find income during the life of this case."  T. at 146.  Appellant obtained housing in December of 2009 and was evicted in May of 2010.  T. at 141.  He resided with his girlfriend for a time until the girlfriend reported that he was no longer living there.  T. at 143.  His last known address was his parents' address.  T. at 144.  At the time of the hearing on May 4, 2011, appellant had not seen the child since the end of September, 2010.  T. at 148.

{¶40}  Appellee has had several involvements with maternal grandmother over the years, stemming back to when mother was a juvenile to taking care of another of mother's children, an older sibling to the child sub judice.  T. at 8, 18-20, 23, 37-39, 125-

128. Ms. Coe testified to being concerned about maternal grandmother's "incurable medical condition which at times has prevented her from, from parenting." T. at 159. Her physician, Robert Kirkpatrick, M.D., testified maternal grandmother has cirrhosis of the liver due to hepatitis C, and her medical condition is currently stable. T. at 202, 207. Maternal grandmother testified in addition to hepatitis C and cirrhosis of the liver, she suffers from sleep apnea, restless leg syndrome, and migraine headaches, and takes Zoloft for anxiety. T. at 291-292, 303. She is fifty-five years old. T. at 320. She feels she can take care of the child and protect the child from mother should she show up at the door. T. at 289, 318, 360. A home study for maternal grandmother was completed and denied. T. at 387, 390-391.

{¶41} The guardian ad litem, Ruthellen Weaver, filed a report on April 28, 2011 and opined the best interests of the child would best be served with granting permanent custody to appellee.

{¶42} The child is very bonded to the foster family and is very comfortable there. T. at 155. The foster family wishes to adopt the child. T. at 157-158. The child does have a bond with the maternal grandmother. T. at 161, 240, 317. The foster family is willing to have a relationship with the maternal grandmother for visitation. T. at 380-381. The child was placed into shelter care for more than twelve months. T. at 158.

{¶43} We note appellant's counsel, appellate counsel herein, was diligent in cross-examination and in making objections.

{¶44} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the trial court's judgment.

{¶45} The proposed assignment of error is denied.

{¶46} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ Julie A. Edwards_____

JUDGES

SGF/sg 103

[Cite as *In the matter of J. B.*, 2012-Ohio-575.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:      :
             :
J. B.           :    JUDGMENT ENTRY
             :
             :
             :
             :    CASE NO. CT2011-0041


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is affirmed.  Costs to appellant.


s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ Julie A. Edwards_____

JUDGES